TERRY GODDARD
Attorney General
Firm Bar No. 14000

APRIL J. THEIS
Assistant Attorney General
State Bar No. 020720
1275 West Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-8387
Facsimile: (602) 542-1726
Email: april.theis@azag.gov
Attorney for the State of Arizona
 *ex rel.* Arizona Department of Revenue

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ARIZONA ENVIRONMENTAL RECYCLING, LLC<br>EIN: 86-0929699<br><br>N-ROUTE, LLC<br>EIN: 86-0998320<br><br>Debtors. | In Proceedings Under Chapter 11<br>Jointly Administered<br><br>Case No. 2:09-bk-04665-RJH<br><br>Case No. 2:09-bk-04668-SSC<br><br>**OBJECTION TO CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION**<br><br>Hearing Date: July 6, 2010<br>Time: 11:00 a.m.<br>Location: Phoenix |

The State of Arizona *ex rel.* Arizona Department of Revenue ("Department") objects to the Debtors' "Joint Chapter 11 Plan of Reorganization" ("Plan") based on the following:

## I. Relevant Factual History.

1. On March 13, 2009, both Debtors, *Arizona Environmental Recycling, LLC* and *N-Route, LLC* filed a petition for reorganization under Chapter 11 of Title 11, United States Code.

2. Debtor *Arizona Environmental Recycling, LLC* does business in the State of Arizona and is required to file returns and pay withholding taxes.

3. Debtor *N-Route, LLC* does business in the State of Arizona and is required to file returns and pay withholding taxes.

4. On July 31, 2009, the Department filed an "Administrative Expense Claim," for Debtor *N-Route, LLC*, in the estimated amount of $12,200.00. A true and accurate copy of the Department's "Administrative Expense Claim" can be found on the Claims Register.

5. The Department filed a proof of claim for Debtor *N-Route, LLC*, establishing that it has an estimated priority claim in the amount of $12,272.49. A true and accurate copy of the Department's "1st Amended Proof of Claim" can be found on the Claims Register.

6. The Department filed a proof of claim for Debtor *Arizona Environmental Recycling, LLC*, establishing that it has a priority claim in the amount of $3,105.53, and a general unsecured claim in the amount of $527.52. A true and accurate copy of the Department's "1st Amended Proof of Claim" can be found on the Claims Register.

7. The Department had to estimate withholding tax liabilities because Debtor *N-Route, LLC* failed to file its tax returns for September and December 2008, and March and June 2009.

8. On February 1, 2010, the Court approved the Joint Administration of the Debtors *Arizona Environmental Recycling, LLC* and *N-Route, LLC* (collectively the Debtors).

9. The Plan fails to provide payment for the Department's Administrative Expense Claim.

10. The Plan provides the following treatment for the Department's priority claims:

> The Holders of Allowed Claims against the Debtor entitled to priority pursuant to Section 507(a)(8) of the Bankruptcy Code may be paid if funds are available, a pro rata share on the Effective Date of such total allowable claims or as funds are available, pro ratably such amounts that are available, or at the election of the Reorganized Debtor, in deferred payments within six (6) years from the date of their assessment. In the event deferred payments are made over a six (6) year period, such Allowed Claims will accrue interest from the Effective Date at the Legal Rate and such accrued interest, with any remaining principal balance, shall be paid in full no later than six (6) years following the date of assessment of such Allowed Claims. In the event that the Reorganized Debtor determines to make monthly or quarterly payments, all such payments shall begin within the first quarter after Plan confirmation. Debtor estimates the sum of $70,404.00 by N-Route to the IRS. Debtor estimates $12,272.00 is owed to Arizona Department of Revenue by N-Route. Any liens held by any State or taxing authority shall remain in full force and effect until the amount of that claim is paid in full by the Reorganized Debtor.

11. The Plan fails to define the Effective Date.

12. The Plan does not include appropriate default language.

## II. The Plan Cannot Be Confirmed.

The Bankruptcy Code sets forth the requirements for confirmation of a Chapter 11 Plan. The Plan does not meet the requirement, so it cannot be confirmed.

### A. The Plan Fails to Provide for Timely Payment of the Department's Administrative Expense Claim.

The Department has an Administrative Expense claim. The Department's Administrative Expense claim is the result of Debtors' failure to file and pay withholding tax

returns. *See* 11 U.S.C. § 507(a)(2). Title 11 U.S.C. § 1129(a)(9)(A) requires a Plan to provide the holder of an allowed Administrative Expense claim, cash in the claim amount, on the Effective Date. Further, the Plan must provide for payment of interest and penalties as administrative claims under 11 U.S.C. § 503(b)(1)(C). *In re Mark Anthony Constr., Inc.*, 886 F.2d 1101, 1108 (9th Cir. 1989). The Plan fails to provide for payment of the Department's Administrative Expense Claim.

Since the Plan fails to provide for payment of the Department's Administrative Expense Claim, including penalties and interest, on the Effective Date, the Plan cannot be confirmed. 11 U.S.C. § 1129(a)(9)(A).

**B.** **The Plan Fails to Provide for Appropriate Payment of the Department's Priority Claim.**

The Department has a priority claim against both Debtors. Title 11 U.S.C. § 1129(a)(9)(C) requires that the Plan provide the following treatment for priority claims:

> [T]he holder of such claim will receive on account of such claim regular installment payments in cash –
>
> (i) of a total value, as of the effective date of the plan, equal to the allowed amount of such claim;
>
> (ii) over a period ending not later than 5 years after the date of the order for relief under section 301, 302, or 303; and
>
> (iii) in a manner not less favorable than the most favored non-priority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under section 1122(b));

The Plan fails to adequately provide for the Department's priority claim. It fails to provide for regular installment payments in cash. It fails to provide for an appropriate interest rate, which

4

is required to pay the value as of the effective date. Further, it fails to provide for full payment by March 13, 2014, which is the date that is five years from the date of the order for relief.

Since the Plan fails to provide for payment of the Department's priority claims, including interest, in regular payments over not more than five years from the date of the order for relief and in a manner not less favorable than that given to general unsecured claims, the Plan cannot be confirmed. 11 U.S.C. § 1129(a)(9)(C).

### C. The Plan Fails to Provide an Appropriate Interest Rate.

The Plan fails to set forth an interest rate. The Bankruptcy Code requires that if a debtor elects to defer payments of a non-accepting priority or governmental secured creditor's claim, the payments must equal the present value of the claim. 11 U.S.C. § 1129(a)(9)(C) and (D). For a tax claim, the present value requirement means that the payments must include interest at the rate determined under applicable nonbankruptcy law as of the calendar month during which the Plan is confirmed. 11 U.S.C. § 511.

The Plan cannot be confirmed because it fails to pay the present value of the Department's priority claims. *Id.*

### D. The Plan Fails to Satisfy the Best Interests of Creditors Test.

Title 11 U.S.C. § 1129(a) provides

(7) With respect to each impaired class of claims or interests –

    (A) each holder of a claim or interest of such class –

        (i) has accepted the plan; or

        (ii) will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

The Department has not accepted the Plan. Thus, it must receive the present value of at least as much as it would receive in a Chapter 7 liquidation. The Debtors have not demonstrated that the Department would receive as much under the Plan as it would in a liquidation.

Since the Plan fails to provide the Department at least as much as it would receive in a Chapter 7 liquidation, the Plan cannot be confirmed. 11 U.S.C. § 1129(a)(7)(A)(ii).

### E. **The Debtors Cannot Demonstrate the Feasibility of the Plan.**

Title 11 U.S.C. § 1129(a)(11) requires that a Plan be feasible, which means that the confirmation of the proposed plan:

> is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.

The purpose of the feasibility test is "to prevent confirmation of visionary schemes which promise creditors and equity security holders more under a proposed plan than the debtor can possibly attain after confirmation." *Pizza of Hawaii, Inc. v. Shakey's, Inc. (In re Pizza of Hawaii, Inc.)*, 761 F.2d 1374, 1382 (9th Cir. 1985), quoting 5 *Collier on Bankruptcy* ¶ 1129.02[11] at 1129-34 (15th ed. 1984). A plan is "feasible" if it has a "reasonable probability of success." *In re Acequia, Inc.*, 787 F.2d 1352, 1364 (9th Cir. 1986). The Ninth Circuit Bankruptcy Appellate Panel has adopted the following factors as relevant to whether a plan is feasible:

> (1) the adequacy of the capital structure; (2) the earning power of the business; (3) economic conditions; (4) the ability of management; (5) the probability of the continuation of the same management; and (6) any other related matter which determines the prospects of a sufficiently successful operation to enable performance of the provisions of the plan.

*In re Wiersma*, 324 B.R. 92 (9th Cir. BAP 2004), quoting *In re Sagewood Manor Assocs. Ltd. P'ship,* 223 B.R. 756, 763 (Bankr.D.Nev.1998).

Here, the Plan fails to provide appropriate treatment for the Department. At least some of the claims are based on estimated figures because the Debtors have failed to file some tax returns. Since the Department cannot determine how much will be paid or for how long, they cannot determine whether the Plan is feasible.

### F. The Plan Contains Inappropriate Default Language.

The Plan fails to provide appropriate language in the event of a default of the confirmed plan. Creditors should be permitted to enforce their claims in the event of a default without being required to return to Court after confirmation of the Plan. The Department suggests the following language:

> The Debtors' failure to comply with the Plan provisions concerning the liability owed to the Arizona Department of Revenue, which includes, but is not limited to, the failure to make the full and timely payment(s), shall constitute a default of the Plan. If the Debtors fail to cure the default within ten (10) days after written notice of the default from the Arizona Department of Revenue or its agents, the entire balance due the Arizona Department of Revenue shall be immediately due and owing. Further, in the event of a default, the Arizona Department of Revenue may enforce the entire amount of its claim, exercise any and all rights and remedies under applicable non-bankruptcy law which includes, but is not limited to, state tax collection procedures, and obtain any other such relief deemed appropriate by the Bankruptcy Court.

Such language should be mandatory in the Plan.

## III. Conclusion.

Based on the foregoing, the Department requests this Court to deny confirmation of the Plan as failing to meet the requirements of 11 U.S.C. § 1129.

DATED this 7th day of June, 2010.

        TERRY GODDARD
        Arizona Attorney General

        <u>/s/AJT No. 020720</u>
        APRIL J. THEIS
        Assistant Attorney General
        Attorney for the State of Arizona
         *ex rel.* Arizona Department of Revenue

ORIGINAL of the foregoing
filed electronically
this 7th day of June, 2009 with:

United States Bankruptcy Court
Phoenix Division
230 North First Avenue, Suite 101
Phoenix, AZ 85003

COPY of the foregoing sent for mailing
this 7th day of June, 2009 to:

Dean W. O'Connor
Sallquist, Drummond & O'Connor, PC
1430 East Missouri Avenue #B-125
Phoenix, AZ 85014
Attorney for Debtor(s)

Renee S. Shamblin
Office of the United States Trustee
230 N 1st Ave., Suite 204
Phoenix, AZ 85003


<u>/s/ Jessica Anderson</u>
833224/BCE09-01109